UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND L. CLIFTON, | ) | |
| Movant, | ) | |
| vs. | ) | No. 4:10-CV-1990 (CEJ) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Raymond L. Clifton to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has not filed a response, and the time allowed for doing so has expired.

### I. Background

Clifton was charged by indictment with armed robbery of a federally insured institution, in violation of 18 U.S.C. § 2113(a) and (d) (Count I); using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count II); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Count III). Following a jury trial, he was found guilty on all three counts and was sentenced to an aggregate 480-month term of imprisonment. The judgment was affirmed on appeal. United States v. Raymond L. Clifton, No. 07-3464 (8th Cir. July 22, 2009)(unpublished opinion). Clifton did not file a petition for a writ of certiorari.

On October 21, 2010, Clifton filed a § 2255 motion to vacate. In the motion, he asserts the following grounds for relief:

> (1) the convictions violate the double jeopardy clause and the prohibitions against cruel and unusual punishment and excessive fines and penalties, in violation of the Fifth, Sixth, and Eighth Amendments;
>
> (2) the convictions were obtained in violation of the speedy trial guarantees of the Fifth and Sixth Amendments;
>
> (3) the convictions were obtained through acts of fraud, unlawful searches and seizures, illegal electronic surveillance, the prosecutor's withholding of favorable evidence, and perjured testimony; and
>
> (4) denial of effective assistance of counsel at trial and on appeal.

In the motion, Clifton alleged facts in support of all but the third ground for relief. The United States responded to the motion to vacate on December 28, 2010. Among other things, the government argues in its response that the Ground 3 should be dismissed as "impermissibly vague and conclusory." The instant motion to amend was filed on February 7, 2011. In it, Clifton asserts several new grounds for relief and facts that purport to relate to the Ground 3 of the original motion.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year period of limitation for motions for post-conviction relief under § 2255. 28 U.S.C. § 2255(f). The one-year period begins to run---as relevant here---from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). In the instant case, Clifton sought appellate review of the district court's judgment but he did not file a petition for certiorari. In <u>Clay v. United States</u>, 537 U.S. 522 (2003), the Supreme Court wrote, "We hold that for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts

to run when the time for seeking such review expires." Id. at 532. See also United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006). Rule 13(1) of the Rules of the Supreme Court of the United States provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed within 90 days after entry of the judgment."

In Clifton's direct criminal appeal, the Eighth Circuit issued its ruling on July 22, 2009. Therefore, Clifton's conviction became final 90 days later, or on October 20, 2009. Clifton had until October 21, 2010 to file a § 2255 motion within the one-year limitations period. There is no dispute that his motion to vacate was timely filed.

The amended motion, however, is outside the one-year limitations period. As such, the Court can consider the claims in the amended motion only if (1) the new claims relate back to the claims in the original motion under Fed. R. Civ. P. 15(c) or (2) there are equitable reasons for tolling the limitations period.

### A. Relation Back

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides, in relevant part:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> \* \* \*
> (B) the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out---or attempted to be set out---in the original pleading; \* \* \*

The same "conduct, transaction, or occurrence" is narrowly defined to mean claims that are tied to a common core of operative facts. Mayle v. Felix, 545 U.S. 644, 664

(2005); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999). Relation back will not be allowed when the new claims depend upon events separate both in time and type from the originally raised claims. Mayle, 545 U.S. at 657. In the context of proceedings under 28 U.S.C. § 2255 that are subject to the limitations provisions of the AEDPA, relation back is permitted if the amended claims "can be said to have arisen out of the same set of facts as [the movant's] original claims." Mandacina v. United States, 328 F.3d 995, 1000 (8th Cir. 2003). Thus, an amended claim may be deemed to relate back if it serves to add additional facts and specificity to the original claim. Id. at 1000-01.

A comparison of the original §2255 motion and the proposed amendment lead the Court to conclude that the relation back doctrine does not apply to most of the amended claims. In the amendment, Clifton asserts claims concerning the composition of the jury pool and the accuracy of the court reporter's recording and transcription of the trial (Ground Five), jury instruction error (Ground Eight), factual innocence (Ground Nine). None of these claims were asserted in the original motion and none can be said to have arisen from the same set of facts presented in the original motion.

In Ground 3 of the § 2255 motion, Clifton claimed in conclusory fashion that his conviction and sentence were obtained in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments and resulted from acts of fraud, suppression of evidence, unlawful search and seizure, and unlawful "sanitization" of transcripts. He also claimed that the government eavesdropped on his privileged communications and censored his mail, and that the prosecutor failed to disclose favorable evidence and presented perjured testimony at trial. Although Clifton submitted factual support for

the other grounds asserted in the original motion, he submitted no facts in support of Ground 3. In the proposed amendment, Clifton sets out facts that he argues support his claims in Ground 3. These "new" facts, however, cannot be said to have "arisen out of the same set of facts as [the movant's] original claims," because there was no set of facts set forth in the original claim. Because of the conclusory nature of Clifton's averments in Ground 3, it was impossible for the government to respond to the merits of his claim. Unlike Rule 8(a) of the Federal Rules of Civil Procedure, which only requires notice pleading, Rule 2(b) of the Rules Governing § 2255 Proceedings requires the motion to "specify all the grounds for relief available" and "state the facts supporting each ground." Clifton's reliance on Rule 15(c)(1)(B) to cure his belated assertion of facts is unavailing.

The facts that Clinton alleges in Ground Ten of the proposed amendment serve to explain and supplement the claim of ineffective assistance of counsel asserted in Ground 4 of his § 2255 motion. The Court finds that the proposed amendment relates back to the original claim and, therefore, the allegations of Ground Ten will be incorporated into Ground 4.

### B. Equitable Tolling

In the appropriate case, equitable tolling can be invoked to toll the one-year limitations period under § 2255(f). "Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction . . . The doctrine applies 'only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his

actions, are responsible for the delay.'" Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005), *quoting* Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002) [other citations omitted]. The prisoner must demonstrate the existence of extraordinary circumstances beyond his control and that he acted with due diligence in pursuing the motion. E.J.R.E. v. United States, 453 F.3d 1094, 1098

This is not the typical case in which equitable tolling is invoked to excuse the untimely filing of a motion to vacate. Indeed, Clifton filed his § 2255 motion within the limitations period. What is at issue here is whether extraordinary circumstances beyond his control prevented Clifton from including the amended grounds for relief in his original motion.

Clifton's arguments for equitable tolling can be summarized as follows: (1) difficulties involving the prison mailing facility and its mailing system; (2) confiscation of his legal materials; (3) limited access to the prison libraries; and (4) prohibition from receiving monies from any sources outside the prison. Even if all of these arguments could be substantiated, they do not support equitable tolling.

As to the first argument, Clifton points to difficulties accessing the government-owned devices that print the labels required for prisoner mail. According to Clifton, since January 2, 2011, the Bureau of Prisons has refused to send his mail unless it bears a mailing label printed by one of these devices. He also complains that, because of other prison rules, his access to the mail has been delayed or denied and that his mail has been unlawfully opened by prison staff. Despite all of the impediments he recites, Clifton met the October 21, 2010 deadline for filing his § 2255 motion. Clearly, none of the difficulties he encountered with the prison mail system can support

equitable tolling.

Likewise, the alleged confiscation of Clifton's legal materials did not prevent him from filing a timely § 2255 motion. Nor does the limited access to the prison library or the financial constraints he claims justify his omission of the amended grounds from his timely-filed motion.

III. Conclusion

For the reasons discussed above, the Court concludes that Clifton cannot invoke equitable tolling to excuse his failure to include all grounds for relief in his timely-filed § 2255 motion. Also, with one exception, the claims asserted in the proposed amendment do not relate back to the claims asserted in the original motion.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Raymond L. Clifton to amend his motion to vacate, set aside, or correct sentence [Doc. # 5] is **granted with respect to the claim of ineffective assistance of counsel (Ground Ten) only**. The motion to amend is **denied in all other respects**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2014.