UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RAYMOND L. CLIFTON,              )
                                 )
            Movant,              )
                                 )
        vs.                      )          No. 4:10-CV-1990 (CEJ)
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

**MEMORANDUM**

This matter is before the Court upon the motion of Raymond L. Clifton to vacate,
set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has
filed a response to this motion.

I.  **Background**

Clifton was charged by indictment with armed robbery of a federally insured
institution, in violation of 18 U.S.C. § 2113(a) and (d) (Count I); using, carrying, and
brandishing a firearm during and in relation to a crime of violence, in violation of 18
U.S.C. § 924(c)(1)(A)(ii) (Count II); and being a felon in possession of a firearm, in
violation of 18 U.S.C. § 922(g)(1) and 924(e) (Count III). Following a jury trial, he
was found guilty on all three counts and was sentenced to an aggregate 480-month
term of  imprisonment to be followed by a three-year term of supervised release.
Clifton was also ordered to pay a $300 special assessment.  The judgment was
affirmed on appeal.  United States v. Raymond L. Clifton, No. 07-3464 (8th Cir. July
22, 2009)(unpublished opinion).  Clifton did not file a petition for a writ of certiorari.

II.  **Discussion**

In the instant motion, Clifton asserts the following grounds for relief:

(1) the convictions violate the double jeopardy clause and the prohibitions against cruel and unusual punishment and excessive fines and penalties, in violation of the Fifth, Sixth, and Eighth Amendments;

(2) the convictions were obtained in violation of the notice and speedy trial guarantees of the Fifth and Sixth Amendments;

(3) the convictions were obtained through acts of fraud, unlawful searches and seizures, illegal electronic surveillance, the prosecutor's withholding of favorable evidence, and perjured testimony; and

(4) denial of effective assistance of counsel at trial and on appeal.

In an amended motion, Clifton asserts an ineffective assistance claim (denominated as Ground Ten) which supplements and will be considered with Ground 4.

### A. Ground 1

Clifton first challenges the $300 special assessment, arguing that it was not authorized by Congress. The assessment was imposed pursuant to a statute enacted by Congress, which requires the district court to assess a defendant $100 for each felony offense of conviction. 18 U.S.C. § 3013(a)(2)(A). Clifton's argument is without merit.

Clifton next challenges the sufficiency of the indictment, arguing that it is multiplicitous and thereby violates the prohibition against double jeopardy. An indictment is multiplicitous if it charges a single offense in more than one count. See United States v. Dixon, 921 F.2d 194, 196 (8th Cir. 1990). There is no multiplicity, however, if one count requires proof of facts that is not required by the other count. Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Rich, 795 F.2d 680, 682-83 (8th Cir. 1986).

In this case Count I alleged a charge of bank robbery, in violation of 18 U.S.C. § 2113(a), and alleged a punishment enhancement under 18 U.S.C. § 2113(d). Similarly, Count III alleged a charge of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and alleged a punishment enhancement under 18 U.S.C. § 924(e). The elements of the substantive crimes (*i.e.*, bank robbery and felon in possession) are not the same. Also, the elements necessary to establish the punishment enhancements are not the same as the elements required to prove the underlying crimes to which the enhancements relate. Likewise, the elements required to prove the violation of 18 U.S.C. § 924 (c)(1), alleged in Count II, are not the same elements necessary to prove the other charges. The charges in Counts I, II, and III do not become the same simply because they involved the same firearm. The indictment is not multiplicitous.

Clifton's argument that the indictment suffers from duplicity also fails. Duplicity is defined as the joining of two or more distinct offenses in a single count. Gerberding v. United States, 471 F.2d 55, 59 (8th Cir. 1979). As discussed above, § 2113(d) and § 924(e) are statutes that establish punishment---they do not establish an independent substantive offense. There was no duplicity resulting from the inclusion of these punishment statutes in Counts I and III.

**B. Ground 2**

Clifton next challenges the indictment as insufficient to give him notice of the charges. He argues that the indictment was deficient because it omitted factual details

of the offenses.[1]  Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  To be sufficient, an indictment need contain only the facts and elements of the offense to inform the defendant of the charge so that he may prepare a defense or plead a bar to prosecution.  Hamling v. United States, 418 U.S. 87, 117-18 (1974).

The Court finds that the indictment sufficiently informed Clifton of each of the three charged offenses, and contained allegations sufficient to establish the elements of each offense.  The information that was omitted from the indictment (*e.g.*, address of the bank, names of victims, etc.) was not necessary to prove the elements of the offenses.  Clifton does not contend that he was unable to prepare a defense due to a lack of specificity in the indictment, nor does he assert how the details he believes should have been in the indictment would have aided in preparing a defense.

Moreover, Clifton's claim is not cognizable in a proceeding under a § 2255.  A challenge to the sufficiency of an indictment may not be asserted in a § 2255 motion, "absent a showing of extraordinary circumstances, where the questions raised are of large importance, the need for remedy is apparent and the offense charged was one over which the sentencing court manifestly had no jurisdiction."  Houser v. United States, 508 F.2d 509, 514-15 (8th Cir. 1974).  See also United States v. Herzog, 644 F.2d 713, 716 (8th Cir. 1981); Little v. United States, 524 F.2d 335, 336 n. 2 (8th Cir.

---

[1]The details that Clifton contends should have been included in the indictment are the address of the bank, the amount of currency that was stolen, the names of the bank employees, the name of the person assaulted during the robbery, and a description of the firearm by make, model, caliber, and serial number.

1975) (concluding that an indictment not questioned at trial or on direct appeal cannot be attacked under § 2255, unless so obviously defective as to not be a reasonable construction of the offense). Clifton has not made the requisite showing of extraordinary circumstances to warrant consideration of his claim. He is not entitled to relief on Ground 2.

### C. Ground 3

Ground 3 of the motion states as follows:

> Petitioner's Convictions and Sentences Were Obtained and imposed in violation of his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendment Rights to the U.S. Constitution and the Constitution of the Great State of Missouri through Acts of Fraud, Suppression of Evidence, Unlawful Sanitization of Trial Transcripts [Grand Jury, Pretrial, and Trial Transcripts] to prevennt [sic] Judicial De Novo Review as Required by U.S. v. Lothridge, 324 F.3d 599 (8th Cir. 2003) of Petitioner's Unlawful Arrest, Search and Seizure by both state and federal authorities, interrogated Petitioner's witnesses without his consent, eavesdropped on Petitioner's privileged communications; censored privileged legal mail; Suppressed Brady v. Maryland Discovery material, and subporned [sic] perjured testimony at trial and deals with witnesses.

Although Clifton alleged facts supporting the other grounds set forth in the motion, no facts are provided in support of Ground 3.

Rule 2(b) of the Rules Governing § 2255 Proceedings requires the motion to "specify all the grounds for relief available" and "state the facts supporting each ground." A claim in a § 2255 motion may be dismissed if consists of "conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). See also, Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995); Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985). Here, Clifton clearly failed to comply with

Rule 2(b) with respect to Ground 3. Without factual support, it is impossible to determine the exact nature of his claims and whether they have any merit. Therefore, he is not entitled to relief on Ground 3.[2]

### D. Ground 4 and Supplemental Ground 10

Prior to trial, Clifton elected to proceed *pro se.* However, Ronald Jenkins was appointed as stand-by counsel. Mr. Jenkins was present with Clifton during all pretrial proceedings, during the trial, and at sentencing. After Clifton filed a notice of appeal, the Eighth Circuit appointed Mr. Jenkins to represent him. At Clifton's insistence, Mr. Jenkins filed a motion to withdraw as counsel. That motion was denied by the appellate court. Thereafter, Mr. Jenkins filed a brief under Anders v. California, 386 U.S. 738 (1967), which contained another request to withdraw. In addition, Clifton was given permission to file a supplemental brief *pro se.* However, in lieu of a brief, he filed a motion and supporting memorandum for a stay or to extend the time for preparing the record on appeal. In the motion and memorandum, Clifton alleged that the pre-trial hearing and trial transcripts were incomplete and that portions of the record had been "sanitized."

In Ground 4 and Supplemental Ground 10, Clifton asserts that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that he was prejudiced thereby.

---

[2]In a separate order, the Court denied Clifton's request to submit facts pertaining to Ground 3 after expiration of the one-year limitations period under 28 U.S.C. § 2255(f). To allow a prisoner to file a conclusory motion as a "place-holder" and then provide facts at some later time would defeat the purpose of the statute of limitations.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  Under the first prong, counsel has wide latitude to make tactical decisions, thus the defendant must overcome a highly deferential standard of judicial scrutiny.  Id. at 688-89.  To satisfy the second prong, the movant must demonstrate that but for counsel's errors, the result would have been different.  Id. at 694.

Clifton argues that Mr. Jenkins had a conflict of interest by reason of his previous employment as an assistant U.S. Attorney.  There is nothing about  Mr. Jenkins' work as a prosecutor that barred him from representing Clifton.   Additionally none of the government misconduct that Clifton alleges in his motion (i.e., unlawful searches, eavesdropping, interception of mail) is attributed to Mr. Jenkins or to his prior association with the U.S. Attorney's Office.

Clifton next argues that the appointment of Mr. Jenkins to represent him on appeal denied him the right to represent himself.  He also complains that Mr. Jenkins failed to challenge on appeal the district court's refusal to instruct the jury on his sixteen affirmative defenses, the lack of jurisdiction to impose the 480-month sentence of imprisonment, and his designation as a career offender.  The appellate court's records show that Clifton was given the opportunity to file a supplemental brief.  For reasons wholly unrelated to any actions by Mr. Jenkins, Clifton made the decision not to take advantage of this opportunity.  Additionally, Clifton makes no showing that the result of the appeal would have been different had the instructional and sentencing challenges been presented.  Thus, Clifton cannot demonstrate prejudice.

### III.  Conclusion

For the foregoing reasons, the Court concludes that motion and the files

and records of this case show that Clifton is not entitled to relief under 28 U.S.C. § 2255.  Therefore, the motion to vacate will be denied without a hearing.  See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).  Additionally, the Court finds that Clifton has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

A separate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2013.